FILED
 2017 Jun-05  AM 09:11
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MELISSA TALLANT-STEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| THE HOUSING AUTHORITY OF THE ) | |
| CITY OF BRIDGEPORT, ALABAMA, ) | |
| | |
| Defendant. | |

## **COMPLAINT**

### I. **JURISDICTION**

1. This is a suit for relief from discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.,* and 42 U.S.C. §1983. The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff timely filed her charge of discrimination against defendant with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued by the EEOC.

## II.  PARTIES

3. Plaintiff Melissa Tallant-Steeley ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Bridgeport, Jackson County, Alabama.

4.  Defendant The Housing Authority of the City of Bridgeport, Alabama ("Defendant") is a municipal corporation organized under the laws of the State of Alabama located in Bridgeport, Jackson County, Alabama, and was at all times relevant to this complaint an employer as contemplated under Title VII.

## III.  STATEMENT OF FACTS

5.  Plaintiff is female.

6.  In or about April of 2017, Plaintiff applied for the open position of Executive Director with Defendant.

7.  Plaintiff was qualified for the position.

8.  On or about April 23, 2016, Plaintiff and four other candidates were interviewed by Defendant's Board of Commissioners.

9.  There were five members of Defendant's Board of Commissioners: three male and two female.

10.  Plaintiff was at the time, and is now, lawfully married to a female.

11.  The Commissioners were aware of this at the time.

12. Plaintiff was passed over for another female external candidate, Rachel Howard.

13. Upon information and belief, Howard is heterosexual.

14. Plaintiff was as qualified for the position as was Howard, if not more so.

15. The male Commissioners voted to hire Howard and the female Commissioners voted against it.

16. Commissioner Terry Coffman made the statement that Plaintiff was not hired because, "We don't want no damn lesbian running our housing authority."

17. At least one other male Commissioner voted to hire Howard because of Coffman's position on the matter.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

18. Paragraphs 1-17 above are incorporated by reference.

19. Defendant violated Plaintiff's rights under Title VII by passing her over for the position of Executive Director because of her gender, including sexual orientation and/or gender stereotyping.

20. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by employing Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## 42 U.S.C. §1983

21. Paragraphs 1-17 above are incorporated into this paragraph by reference.

22. In lawfully marrying another female, Plaintiff engaged in protected conduct under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

23. Defendant's Commissioners passed Plaintiff over for the position of Executive Director because of (a) her protected conduct stated above and/or (b) gender stereotyping against her, from which Plaintiff was provided further protection by the Equal Protection Clause.

24. Defendant's Commissioners violated Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment in passing her over for the position.

25. Defendant's Commissioners subjected Plaintiff to the deprivation of these rights either maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

26. In passing Plaintiff over for the position, Defendant's Commissioners were acting in the line and scope of their duly appointed duties for Defendant and were further acting under color of state law.

27. Defendant is liable to Plaintiff for the Commissioners' violation of Plaintiff's rights because it was committed pursuant to Defendant's official policy or custom in that its Commissioners were Defendant's policy-makers with respect to the employment decision at hand.

28. As a result of the Officers' violation of Plaintiff's rights, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated Plaintiff's constitutional rights;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by employing Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Plaintiff's constitutional rights;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

        Respectfully submitted,

        s/ Adam M. Porter
        Adam M. Porter
        Attorney for Plaintiff
        Adam M. Porter, LLC
        Alabama Bar ID: ASB-2472-P75A
        2301 Morris Avenue, Suite 102
        Birmingham, Alabama 35203
        Phone: (205) 322-8999
        Facsimile: (205) 402-4619
        Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

        s/ Adam M. Porter
        Attorney for Plaintiff

Defendant's Addresses:
The Housing Authority of the City of Bridgeport, Alabama
c/o Rachel Howard, Executive Director
7 McFarland Ct.
Bridgeport, AL 35740